REYNOLDS v. MANVILLE ET AL.

1. APPELLATE PRACTICE—FINDINGS OF FACT.
However slight the evidence may be, if it satisfies the trial court upon any proposition of fact which is essential, and there be no evidence *contra*, this court will not review the record and determine as an original proposition that it does not establish what is requisite to a judgment.

2. PARTNERSHIP — LIABILITY OF RETIRING MEMBER — BURDEN OF PROOF.
Conceding that a firm did exist, and that it was transacting business almost up to the time the work was done to recover for which the action was brought, the burden is upon a partner to show its dissolution, and knowledge on part of the plaintiff or other matters which would relieve the retiring member from responsibility.

3. PRACTICE IN CIVIL ACTIONS—NEW TRIAL—NEGLIGENCE.
A defendant is not at liberty to take chances of the inability of plaintiffs to prove their case, and, where they succeed, obtain a new trial because of his own neglect to be present at the trial.

*Appeal from the District Court of Arapahoe County.*

Messrs. WAYBRIGHT & BETTS, for appellant.

Messrs. TROWBRIDGE & HINCKLEY, for appellees.

BISSELL, P. J., delivered the opinion of the court.

Early in the year 1892, the Manvilles, as copartners, furnished materials and did considerable work in and about the construction of the Albany Building at Creede. The price was agreed upon, and amounted to four hundred and ninety-five dollars, but a little extra work was done, for which the firm made a charge of thirty-five dollars. The bill was not paid when it became due, and they brought this suit against three persons—Patterson, Foster and Reynolds, for these two sums. The complaint was in the usual form to charge Patterson, Foster and Reynolds as a copartnership, and contained the requisite averments. The only person making a

defense was Reynolds, and his defense was that those three persons were not a copartnership. The evidence tended to show that at the time the work was done, Patterson, Foster and Reynolds, as The Creede Improvement Company, were doing business at Creede, and in the prosecution of it contracted for this Albany Building.

We can dispose of all the contentions under the general discussion relative to this particular defense of the nonexistence of the. partnership, for all the others are either collateral to or entirely dependent upon it. The evidence concerning the copartnership was very limited, and consisted principally of either direct or tacit admissions by the persons involved that they were interested together in the construction of the building. According to the evidence of one of the witnesses, Reynolds was introduced to some of the parties as a copartner and a member of The Creede Improvement Company. Reynolds took no exception to the statement, and on this and some other evidence the court below found as a matter of fact that Reynolds was a member of the concern, and therefore chargeable with the price of the materials and labor. However slight the evidence may be, if it satisfies the trial court upon any proposition of fact which is essential, and there be no evidence *per contra*, we are not inclined to review the record and determine as an original proposition that it does not establish what is requisite to a judgment. In the present case, we are very much less inclined to consider the question than we might otherwise be, because of the material contained in an affidavit on which was based a motion for a new trial. The affidavit substantially sets up that Reynolds is absent in Chicago and unable to make an affidavit in support of the motion; but by him it can be established that, prior to the time the work was done, a notice of dissolution of the copartnership had been published in one of the Creede papers, whereby and because of the dissolution Reynolds would be relieved from liability. This is a very considerable concession in the direction of the existence of the firm.

We are very frank to say that the case is not entirely

satisfactory upon this proposition, and lacks the absolute certainty and directness which are so much to be desired when the court is considering the one question in the case. We do not, however, feel at liberty, as we have before suggested, to disregard the court's finding on this subject, and we are not much inclined to weigh and consider the testimony, since the proof about this matter was so entirely within the control and knowledge of the defendant that he scarcely had the right to complain if the record be lacking in this particular. Manifestly, if the affidavit on which the motion for a new trial was based be true, the firm did exist, and under those circumstances, conceding that the firm was transacting business almost up to the time that this particular work was done, the burden would most undoubtedly be upon the partner to show its dissolution, and either knowledge on the part of the plaintiffs or other matters which would relieve the retiring member from any responsibility. This suggestion likewise disposes of the error which is complained of in the court's action in denying the motion for a new trial. The court declined to set the judgment aside or permit the defendant Reynolds to be produced to testify on this matter. In this we can discover no error. When Reynolds based his defense on the nonexistence of the copartnership when the work was done, and this sprang from a dissolution and a notice, he was certainly charged with the duty to be present at the time the case was called, or, if that were not possible, to interpose a motion for a continuance pending his arrival. He was not at liberty to take chances of the inability of plaintiffs to prove their case, and, when they succeeded, obtain a new trial because of his own neglect and failure to be present.

We can discover no error in the record which would warrant us in disturbing the judgment, and it will accordingly be affirmed.

*Affirmed.*